UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEORGETTE KIRTON,

    Plaintiff,

Case No.: 6:14 cv 475orl 36 DAB

v.

MILESTONE SOCIAL SERVICES, INC.;
DORIS YOUNG, and
MICHELE LAWRENCE

    Defendants.

## COMPLAINT

Plaintiff, Georgette Kirton, files this Complaint against Defendants, Milestone Social Services, Inc. ("Milestone"), Doris Young and Michele Lawrence, for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* for failing to pay the Plaintiff overtime compensation at a rate of 1.5 times her regular rate of pay:

### INTRODUCTION

1. This is an action involving overtime wage claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA"). Plaintiff alleges she entitled to unpaid overtime wages, as required by 29 U.S.C. § 207 in violation of 29 U.S.C. § 216(b).

2. The Fair Labor Standards Act is our nation's foremost wage law. The overtime requirements of the Fair Labor Standards Act ("FLSA") were meant to apply financial pressure to spread employment to avoid the extra wage and to assure workers additional pay to compensate them for the burden of a workweek beyond the hours fixed in the act. See *In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y.

2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 USC Sec. 213

3. More specifically, Georgette Kirton is not exempt under the Fair Labor Standards Act. She was a trainer at the facility, but also provided miscellaneous blue collar work like cleaning and running errands for Defendants. She worked more than 40 hours during her work weeks and was not paid overtime in violation of 29 U.S.C. Sec. 207.

## PARTIES

4. Plaintiff, Georgette Kirton, is an individual who is a resident of Orlando, Florida. She lived there throughout all relevant times in this action.

5. Plaintiff was employed as a trainer at a residential home operated by Defendants June 2013 to March 9, 2014.

6. Plaintiff was made to purchase goods and materials that have traveled in interstate commerce as well as use the instrumentalities of commerce during the course of her regular job duties. Plaintiff qualifies for individual coverage under the FLSA.

7. The allegations in this lawsuit occurred at Defendants' place of business, 5324 Pineview Way, Apopka, FL 32703.

8. Milestone is a Florida non-profit corporation. It holds a principle address of 5324 Pineview Way, Apopka, FL 32703.

9. Milestone's registered agent is listed as Doris Duan. The address for service is also 5324 Pineview Way, Apopka, FL 32703.

10. In 2013 the company generated more than $500,000 in revenues. Milestone is on pace to generate more than $500,000 in revenue for the year 2014 as well if it has not already.

11. Milestone has more than 2 employees.

12. Said plainly, Milestone is subject to enterprise coverage under 29 U.S.C. Sec. 203(s)(1).

13. Though it is a non-profit corporation, enterprise coverage exists as Defendant operates in conjunction with its for-profit parent company, Behavioral Support Services, Inc. Behavioral Support Services, Inc. is not a party to this lawsuit at this time.

14. Doris Young acts as a Director for Defendant Milestone.

15. Ms. Young was a supervisor of Plaintiff and had direct control over her duties and wages.

16. At all times relevant, Ms. Young was an employer under FLSA §203.

17. Ms. Young has an address for service at 5324 Pineview Way, Apopka, FL 32703.

18. Michele Lawrence acts as the Manager for Defendant Milestone.

19. Ms. Lawrence acted as the supervisor of Plaintiff and had direct control over her duties and wages.

20. At all times relevant, Ms. Lawrence was an employer under FLSA §203.

21. Ms. Lawrence has an address for service at 5324 Pineview Way, Apopka, FL 32703.

22. Defendants employed Plaintiff within the meaning of FLSA §203.

## JURSIDICTION AND VENUE

23. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. §§ 216(b) and 217 because this action involves a federal question under the FLSA.

24. Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

25. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

26. This Court has personal jurisdiction over Defendants because they engage in business within the State of Florida, maintain offices in this District, markets and performs its services in Florida, provides substantial services in Florida, and it employs individuals who work in and/or perform work in Florida.

27. Venue is appropriate in the Court and this Division pursuant to 28 U.S.C. § 1391(b) because the acts complained of happened in this District and Division.

## GENERAL ALLEGATIONS

28. Plaintiff worked for Defendants from June 2013 to March 9, 2014.

29. The Defendants place of business is a residential house for boys, usually housing 4-6.

30. Defendants have two employees working in the house during the day with another scheduled to work overnight.

31. The overnight employee is not given a bed as there is no sleeping to be done on the job. Defendants require room checks every 15 minutes.

32. Throughout her employment Plaintiff was required to and did perform work in excess of 40 hours per week and was not paid overtime.

33. Plaintiff was scheduled to work only 40 hours per week. However, Plaintiff would normally be required to work more than her scheduled 40 hours, including after her daily shift was over and coming in on days that she was not scheduled to work. Plaintiff was not compensated for these hours.

34. Plaintiff believes she worked approximately 50 hours per week. Plaintiff was not compensated for these 10 additional hours of work per week.

35. Plaintiff often worked the night shift which increased her weekly hours significantly. The week before her termination, Plaintiff worked 26 consecutive hours in her shift.

36. Plaintiff began as an hourly employee making $9 per hour. She made this amount until November 2013. At this time, her applicable overtime rate was $13.50.

37. Her title as an hourly employee was "Trainer." As a trainer, Plaintiff was not paid for her overtime hours.

38. In November 2013, Plaintiff was promoted to Lead Residential Trainer, but her duties remained the same.

39. At this point, she became a salaried employee, making $960 every two weeks.

40. As a salaried employee, her equivalent hourly rate for a 40 hour work week was $12 per hour. Her applicable overtime rate would be $18 per hour.

41. Plaintiff was only ever compensated for 40 hours per week, regardless of the hours she actually worked.

42. Defendants are required to compensate Plaintiff for all hours worked. Should these hours eclipse 40 hours per week, Plaintiff is entitled to premium overtime pay at a rate of 1.5x her regular rate of pay as long as she is a non-exempt employee.

43. The executive exemption to the FLSA frees an employer from paying an employee premium overtime pay as long as the employee manages employees and is paid a salaried rate of at least $455 per week.

44. Plaintiff's job duties included watching the residents, cooking, cleaning, food shopping, cleaning material shopping and training the residents in life skills.

45. Plaintiff's job duties did not include scheduling, managing, or training other employees. She was not allowed to hire or fire employees, nor was her advice sought in

those decisions. Plaintiff had to go to her manager and/or director for permission and/or instruction in how to complete her tasks.

46. Plaintiff does not qualify for the executive exemption, or any other overtime exemption. Plaintiff lacked any managerial duty and/or authority. Additionally, for part of her employment she was not paid at a salaried rate.

47. In fact, due to the low staffing, it was impossible for Plaintiff to have managed any employees.

48. Defendants operated with less than enough staff to properly cover their needs. This caused Plaintiff to work hours beyond those she was scheduled and thus work overtime.

49. As a result of Defendants' violations of the FLSA, Plaintiff was illegally and grossly under compensated for her work.

50. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendants. If these records are unavailable, Plaintiff may establish the hours she worked solely by her testimony, and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

51. In fact, Plaintiff was made to punch in and out through the use of a time clock. Even though these punched hours are incomplete, they still show that Plaintiff worked more than 40 hours per week. See Exhibit A.

52. Defendants have not inquired with the Department of Labor seeking to establish or affirm that its pay practices were or are in compliance.

53. Defendants have not inquired with private legal counsel seeking to affirm that its pay practices were or are in compliance.

54. Defendants' conduct, as alleged above, constitutes a willful violation of the FLSA within the meaning of 29 USC §255(a).

55. Due to Defendants' FLSA violations, Plaintiff has suffered damages and is entitled to recover from Defendants the unpaid overtime compensation, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs, pursuant to 29 U.S.C. §216(b).

## COUNT 1
## OVERTIME DUE UNDER THE FLSA

56. Plaintiff re-alleges paragraphs 1-55 as if fully set forth in this Count.

57. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

58. At all relevant times, Defendants failed to properly pay Plaintiff for those hours she worked in excess of 40 in a work week.

59. Plaintiff is a non-exempt employee.

60. Defendants required Plaintiff to work in excess of forty (40) hours per workweek on a consistent basis and did not pay her time and a half compensation for this time. Specifically, Plaintiff worked an average of 50 hours per week during the vast majority of her employment with Defendants.

61. Defendants have a policy and practice of refusing or failing to pay overtime compensation owed to its employees.

62. Defendants' failure to pay Plaintiff overtime compensation at a rate no less than time and a half is a violation of the FLSA, in particular, 29 U.S.C. § 207.

63. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

64. Due to the Defendants' FLSA violations, Plaintiff has suffered damages, and is entitled to recover from the Defendants the unpaid overtime compensation, and an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for:

   a. An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA.
   b. That the Court find the Defendants joint and severally liable in violation of the overtime compensation provisions of the FLSA (*i.e.* 29 USC § 207) and that the Court find that Defendants' violation of the FLSA was and is willful.
   c. That the Court award Plaintiff overtime compensation for all the previous hours worked over forty (40) hours, that she did not receive at least one and one-half time compensation for, in any given week since the start of her employment AND liquidated damages of an equal amount; in addition interest on said award pursuant to § 216 of the FLSA.
   d. That the Court award any other legal and equitable relief as this Court may deem appropriate.

## JURY TRIAL REQUESTED

Plaintiff requests a trial by Jury.

Filed and dated this 18th day of March, 2014.

Respectfully submitted:

*s/ R. Edward Rosenberg*
R. Edward Rosenberg, Esq.
Florida Bar 88231
FELDMAN MORGADO, PA
100 N. Biscayne Blvd.
29th Floor, Suite 2902
Miami, Florida 33132
T: (305) 222-7850
F: (305) 384-4676
E: erosenberg@ffmlawgroup.com

Attorney for Plaintiff
