UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEORGETTE KIRTON,                          CASE NO.: 14-CV-475

       Plaintiff,

v.

MILESTONE SOCIAL SERVICES,
INC; DORIS YOUNG, AND
MICHELE LAWRENCE.

       Defendants.
_____/

**DEFENDANTS MILESTONE SOCIAL SERVICES, INC; DORIS YOUNG AND MICHELE LAWRENCE'S ANSWER AND AFFIRMATIVE DEFENSES TO <u>PLAINTIFFS, GEORGETTE KIRTON, COMPLAINT</u>**

Comes now, the Defendants, MILESTONE SOCIAL SERVICES, INC; DORIS YOUNG AND MICHELE LAWRENCE (hereby "Defendants"), by and through undersigned counsel and hereby files this, their Answer and Affirmative Defenses in response to Plaintiff, Georgette Kirton's, Complaint and states as follows:

**<u>ANSWER</u>**

1. Denied.
2. Cannot admit or deny as the Statute speaks for itself.
3. Denied.
4. Cannot admit or deny as to Plaintiff's residency, but Admitted.
5. Admitted as employed as a trainer, but denied as to the time stated.
6. Denied as to the allegations, admitted as to the place of business location.
7. Admitted as for resident, denied for the rest.
8. Admitted.
9. Admitted.
10. Denied.

1

11. Admitted.
12. Denied.
13. Denied.
14. Admitted.
15. Denied.
16. Denied.
17. Admitted.
18. Admitted that Defendant was manager previously, but denied as to currently.
19. Admitted as previously, denied as currently and throughout entire allegation timeline.
20. Denied.
21. Cannot admit or deny, therefore denied.
22. Cannot admit or deny, therefore denied.
23. Denied.
24. Denied.
25. Admitted.
26. Denied as to personal jurisdiction, admitted as to the rest.
27. Admitted.
28. Admitted that Plaintiff worked for Defendant Milestone and timeline, denied as to the rest.
29. Admitted.
30. Denied.
31. Admitted.
32. Denied.
33. Admitted that Plaintiff was scheduled to work only 40 hours per week, denied as to the rest.
34. Denied.
35. Denied.
36. Admitted.
37. Admitted as to title as "Trainer", denied as to the rest.
38. Admitted as to Plaintiff's promotion to Lead Residential Trainer, denied as to the

rest.

39. Admitted.
40. Admitted as to Plaintiff as a salaried employee, denied as to the rest.
41. Denied.
42. Admitted as to Defendants compensating Plaintiff, denied as to the rest.
43. Cannot admit or deny, therefore denied.
44. Admitted as to inclusion of duties, denied as to only those duties.
45. Denied.
46. Denied.
47. Denied.
48. Denied.
49. Denied.
50. Admitted as to number of hours in Defendant's possession, denied as to the rest.
51. Admitted as to the use of a time clock, denied as to the rest.
52. Denied.
53. Denied.
54. Denied.
55. Denied.
56. Cannot admit or deny, therefore denied.
57. Admitted as to Defendant Milestone, denied as to the rest.
58. Denied.
59. Cannot admit or deny, therefore denied.
60. Denied.
61. Denied.
62. Denied.
63. Denied.
64. Denied.

## **Global Denial**

Defendants deny every allegation or inference of the Complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses:

### First Affirmative Defense

Plaintiff, GEORGETTE KIRTON, was fully paid for all services rendered and has been compensated for all fees and services due by Defendant(s). Any error and omission is due to Plaintiff and not of the Defendant.

### Second Affirmative Defense

Plaintiff, GEORGETTE KIRTON, was not terminated by Defendants as Plaintiff resigned and quit her employment with Defendant Milestone. Any error and omission is due to Plaintiff and not of the Defendant.

### Third Affirmative Defense

Plaintiff, GEORGETTE KIRTON, was a salaried employee and had managerial duties, the ability to hire and fire employees, scheduling, whose advice was sought after from others, self sufficient to complete tasks and did not contribute to any interstate commerce alleged in the complaint.

### Fourth Affirmative Defense

Plaintiff, GEORGETTE KIRTON, did not purchase any goods or materials as Defendant paid for any and all goods and materials during Plaintiff's employment. Any error and omission is due to Plaintiff and not of the Defendants.

Defendants hereby reserve the right to amend this Answer and Affirmative Defenses after Discovery.

WHEREFORE, Defendants hereby request that the Court enter a judgment denying Plaintiff's complaint fees and costs, and to grant any other relief that may be just or necessary under the circumstances.

Respectfully submitted this 22nd day of April, 2014.

> Desai & Maya, P.A.
> 1540 Lake Baldwin Lane, Suite B
> Orlando, FL 32814
> Telephone: (407) 895-8707
> Facsimile: (866) 514-9933
> TDesai@lawyer.com
> *Counsel for Defendants*
>
> By:   /s/ Tushaar Desai
> Tushaar Desai, Esq.
> Florida Bar # 0058501

## CERTIFICATE OF SERVICE

I hereby certify that on 22nd day of April, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: R. Edward Rosenberg, Esq., at erosenberg@ffmlawgroup.com to Feldman Morgado, P.A., 100 N. Biscayne Blvd., 29th Floor, Suite 2902, Miami, FL 33132.

>   /s/ Tushaar Desai
> Tushaar Desai, Esq.