## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GEORGETTE KIRTON,**

       **Plaintiff,**

**v.**                                       **Case No:   6:14-cv-475-Orl-40DAB**

**MILESTONE SOCIAL SERVICES, INC.,**
**DORIS YOUNG and MICHELE**
**LAWRENCE,**

       **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

     This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **Motion for Approval of Settlement (Doc. No. 26)** |
| **FILED:** | **September 17, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| | |
|---|---|
| **MOTION:** | **Motion for Settlement (Doc. No. 23)** |
| **FILED:** | **August 28, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED AS MOOT**.

     The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.   *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).   If a settlement is not one supervised

by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.   "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context."   Id. at 1354.   In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the Plaintiff's responses to the Court's Interrogatories (Doc. No. 16), Plaintiff was employed by Defendant as a Lead Residential Trainer, watching the residents, cooking, cleaning, food shipping, and teaching the residents life skills, from June 2013 to March 2014.   Plaintiff sought $12,150 for unpaid overtime based on an average of ten overtime hours per week, including liquidated damages.   Doc. No. 16.   Defendant answered the Complaint, denying liability because Plaintiff was treated as a salaried exempt employee and had managerial duties, such as the ability to hire and fire employees, schedule, provide advice to others, and self-sufficiently complete tasks; Defendant also denied that Plaintiff contributed to any interstate commerce alleged in the Complaint.   Doc. 12.

The settlement to Plaintiff of $1,350 in unpaid wages and liquidated damages represents an amount reduced from the amount Plaintiff originally sought of $12,150.   On September 5, 2014, the Court ordered the parties to file "their supporting documents with a more precise explanation justifying the compromise of the claim specifying the hours on the payroll records, as well as the pertinent information regarding the allowance for fees, such as hourly rates and timesheets in support."   Doc. 25.

In response to the Court's Order requiring more information about the parties' settlement, the parties responded that Plaintiff was receiving "essentially all" of her damages owed because "during the court's prescribed negotiation period, Defendants produced Plaintiff's time and pay records. These records contradicted the initially formed belief of damages by Plaintiff. Upon review of these records, Plaintiff concedes that she is *receiving essentially all* of her damages owed." Doc. 23.

Previously, on June 4, 2014, Plaintiff's counsel had filed a Notice Supplementing Its Responses to Court Interrogatories indicating the amount of time and fees and costs accrued in the case.  Doc. 17-1.    The parties have agreed that Defendant will pay Plaintiff's attorneys $3,150 in attorney's fees and costs.   Doc. 23-1.   Based on Plaintiff's previously filed notice, costs totalled $400 for the filing fee and $120 for service of process; the remaining $2,630 would be attributable to attorney's fees reimbursement.   Doc. 17-1. Mr. Rosenberg spent 14.8 hours on the case at $350 per hour and Ms. Maura (who appears to be a paralegal) spent 6.8 hours on the case at $85/per hour, as of June 4, 2014, for accrued attorney's fees of $5,758 or more than double the amount provided for attorney's fees in the settlement.[1]  Doc. 17-1.   Even without the benefit of the full lodestar

---

[1]Counsel cites the inapposite case of *Coleman v. Target Corp.*, No. 6:12–cv–1315–Orl–37GJK, 2013 WL 867891 (M.D.Fla. March 1, 2013) (Kelly, J.), which relies on *Bonetti v. Embarq Mgt. Co.*, No. 6:07–cv–1335–Orl–31GKJ, 2009 WL 2371407 at *5 (M.D.Fla. Aug.4, 2009) (Presnell, J.). *Bonetti* is not binding authority on any other district judge in the Middle District of Florida.

information concerning hourly rates based on Mr. Rosenberg's experience, he has clearly significantly discounted the fee involved, which the Court finds to be fair and reasonable.

Based on the foregoing, it is respectfully **RECOMMENDED** that the parties' settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.   If the parties have no objection to the Recommendation, they should file a notice stating their lack of objection for a more timely disposition.

Recommended in Orlando, Florida on September 30, 2014.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy